In the matter of the estate of LOUISA FERDON, deceased.

[Submitted August 3d, 1905. Decided October 13th, 1905.]

A note payable to an intestate had been inventoried as an asset of her estate. A person, not a party to the note, by petition to the orphans court, asked an order directing the administrator to deliver the note to him. On an order to show cause, petitioner's proofs tended to show that the note took the place of a previous note made by the same maker to a person previously deceased, which petitioner claimed had been given by her to the intestate for life and on her death to petitioner.—*Held*, that the orphans court properly refused the order sought, (1) because there was no sufficient proof of the gift which petitioner claimed, and (2) because if sufficient proof had been made the court had no jurisdiction to determine the equitable ownership in the absence of parties who might contest that claim.

---

*Mr. Charles B. Dunn* and *Mr. Michael Dunn,* for the appellant.

*Mr. Cornelius Doremus,* for the respondent.

MAGIE, ORDINARY.

This appeal challenges the correctness of a decree of the orphans court of Bergen county, made upon the petition of Stephen B. Ferdon, the appellant.

The petition represented that Louisa Ferdon, the mother of appellant, had died intestate, and that letters of administration had been granted upon her estate to Clarence Maybie, who had included in the inventory of the assets of the estate a note made by L. L. Conklin, to the order of the intestate, for $500. The petition avers that the note was not the property of Louisa Ferdon, but of appellant. Thereupon the petitioner asked an order requiring the administrator to show cause why the note should not be delivered to appellant.

Upon the petition and affidavits annexed a rule to show cause why the note in question should not be delivered to Stephen B. Ferdon, the petitioner, was allowed and brought to hearing. Thereupon the order appealed from was made, decreeing that the note in question was an asset of the estate of Louisa Ferdon, deceased, for which her administrator should account.

Appellant's evidence presents the following case: One Jane Berdan, who died at a time not specified, but long before the date of the note in question, had in her lifetime a note made to her by Lewis L. Conklin for $500, with interest. There is some evidence that she left at her death written directions respecting that note, but the directions are not produced, nor is it made to appear that they were testamentary in character. But it does appear that after her death, Stephen Berdan, her husband, had possession of the note and dealt with it as if it was held by him upon a trust to pay to Louisa Ferdon the interest thereof during her life, and after her death to pay the principal to Stephen B. Ferdon, the appellant. It appears that Stephen Berdan continued to pay the interest on $500 to Louisa Ferdon until August 1st, 1870, when, pursuant to an agreement executed by Louisa Ferdon and her husband and Stephen B. Ferdon, the appellant, Stephen Berdan delivered the note to Louisa Ferdon and was released and discharged from all liability therefor by the said Louisa Ferdon and her husband and Stephen B. Ferdon.

The note thus delivered was the note given by Conklin to Jane Berdan. Appellant testifies that he left that note with his mother so that she might collect the interest. He asserts that he never knew, until after his mother's death, that a new note had been made by Conklin to the order of his mother. Conklin is now dead. Appellant insists that the note inventoried represents the note originally made by Conklin to Jane Berdan, and lays his claim upon the gift of Jane Berdan to his mother, Louisa Ferdon, for life, and to him upon her death.

The court below refused the relief prayed upon the ground that appellant had not established his claim by proof.

The order may well be supported upon the grounds stated in the orphans court. The money due upon the original note to Jane Berdan is not shown to have been disposed of by her by any testamentary disposition, nor by any proof of a gift *inter vivos.* Until such proof is presented it remains the property of the representative of Jane Berdan.

But if proof by the appellant could raise the question he seeks to have solved, it is manifest that he has resorted to a tribunal incompetent to give relief. The relief he asks, namely, delivery of the note to him, would leave him as far from effective relief as when he filed his petition. His claim, if he has any claim which can be sustained, is to be pursued in a court of equity and as against the maker of the note or his representatives. They are not parties to this proceeding. If the note inventoried represents the original note, the administrator of Louisa Ferdon would also be a necessary party, as well as the representatives of Jane Berdan, deceased. On such a proceeding the appellant, if his proof were sufficient, might obtain relief.

The decree of the orphans court, however, adjudicates that the note in question is an asset of the estate of Louisa Ferdon, to be accounted for by the administrator. This action may embarrass and possibly prevent petitioner from asserting his equitable right in a proper proceeding with proper parties. The proper order would have been to discharge the order to show cause and to dismiss the petition.

The decree appealed from will be thus modified, and affirmed as modified.